## No. X.

### C. R. PATTON ET AL. v. ROBERT MILLS & CO.

*Motion to affirm.*

SHELBY, JUSTICE.—In looking into the record in this case we can see no doubt of the right of the appellees here to recover the amount of their debt, damages and costs in the court below. Here the opinion of this court might stop and order an affirmance. But as a different prac-

---

Soy v. McMullen, Dal., 363; Andrews v. Andrews, Dal., 427; Robinson v. Bailleul, 2 T., 160; Ewing v. Kinnard, 2 T., 163; Gross v. McClaran, 8 T., 341; Hicks v. Gray, 25 T., 82; Martin v. Crow, 28 T., 613; Simpson v. Bennett, 42 T., 241; Taylor v. Fore, 42 T., 256; Rodrigues v. Trevino, 54 T., 198; Linn v. Arambould, 55 T., 611; Whitaker v. Gee, 61 T., 217; Bradford v. Taylor, 64 T., 169; Wootters v. Kauffman, 67 T., 488; Lumber Co. v. Williams, 71 T., 444; Mignon v. Brinson, 74 T., 18; M. P. Ry. Co. v. Scott, 78 T., 360; Darnell v.

tice has been contended for during the present term in some cases, and named in this, we consider it incumbent upon the court to place the subject at rest, so far as relates to the duties of parties in bringing up the transcript of the record. It has been contended that it was the duty of the appellee to see that the record was brought up in proper form, so as to enable this court to proceed to judgment. This position is considered untenable altogether. The sixteenth section of the Supreme Court law says, that the clerk of the court below shall transmit a certified copy of the bond given by the appellant, or plaintiff in the appeal, with a transcript of the record in the cause, to the Supreme Court, and in case the judgment or decree below be affirmed, or the appellant fail to prosecute the same to effect; evidently making the failure to prosecute on the part of the appellant equivalent to an affirmance of the judgment, and clearly vested the power in the court upon application to affirm. If this was not the rule, it would evidently enable the appellant to take an advantage of his own wrong or laches, which the law, or the courts in pronouncing the law, always most strenuously avoid, or if this construction as contended for by appellant's counsel obtain, the appellant would always fail to have his cause properly prepared for adjudication here, where his object was delay; in that event nothing would be necessary for him to do than to come into this court and suggest a diminution of the record, apply for a certiorari, obtain the same, and thereby gain the time, which was his sole object. We believe a verdict of the jury and judgment of a court below should never be interfered with by this court, unless injustice is done in that verdict and judgment. It has been contended by appellant's counsel that there was no evidence in this case substantiating the note on which this action was founded. It is true there is no evidence substantiating the note, other than that appearing on its own face. This is considered sufficient, or at least presumptive and prima facie evidence until the contrary is shown.

This case in the court below was submitted by consent of parties to the court, waiving the right of a trial by jury, thereby making him chancellor, or sole judge of the law and the facts; and his conscience must have been satisfied before he rendered the judgment which appears on the face of the transcript.

In decrees of equity where the testimony is in pais, it is usual to embody the material facts in such decrees, but where the facts are matter of record it is not usual or necessary to state the grounds of the decree in its face; and as the execution of this note in this case must have been proved to satisfy the court below, we are not disposed to trouble the decision, but affirm the judgment below with damages and costs.

*Affirmed.*

---

Lyon, 85 T., 455, 465; Land Co. v. Winter, 93 T., 560; R. R. Commission v. Weld v. Neville, 95 T., 278 (overruling R. R. Commission v. Weld & Neville (T. C. A.), U. R. C., 1902); Mills v. Paul, 1 T. C. A., 419; Mills v. Paul, 4 T. C. A., 503; State Nat. Bank v. Waxahachie Nat. Bank, 14 T. C. A., 143; Davis v. Martin, 15 T. C. A., 62; Walker v. Mears, 28 T. C. A., 210; Lay v. Bellinger, 1 App. C., sec. 24; Giersa v. Yocum, 1 App. C., sec. 310; Stephenson v. Ten-